**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ronald Paul, Jr. and Kristeen Paul, | No. CV-11-1090-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| ReconTrust Company; Countrywide Home Loans, Inc.; Fidelity National Mortgage Company; Federal National Mortgage Association, et al., | |
| Defendants. | |

Pending before the Court are Defendants' Motion to Dismiss (Doc. 6) and Defendants' Motion to Summarily Grant Defendants' Motion to Dismiss. (Doc. 12). For the reasons discussed below, the motions are granted.

## BACKGROUND

On May 31, 2011, this action was removed from Maricopa County Superior Court because the parties are of diverse citizenship and the amount in controversy exceeds $75,000. (Doc. 1). On June 7, 2011, Defendants filed a Motion to Dismiss. (Doc. 6). Plaintiffs' Response to the motion was due fourteen days later on June 21, 2011, but was never filed. LRCiv 7.2. After this deadline had passed, Plaintiffs filed an emergency motion asking for an extension until fourteen days after their Motion for Remand had been decided. (Doc. 10). Since Plaintiffs had never filed such a motion, the motion for an extension was denied. (Doc. 11). On July 25, Defendants filed a Motion to Summarily Grant Defendants' Motion to

Dismiss, to which Plaintiffs also have failed to respond. (Doc. 12).

**DISCUSSION**

**1. Legal Standard**

The Arizona District Court requires parties to file a responsive memorandum within fourteen days after a motion has been filed, unless otherwise ordered by the court. LRCiv 7.2(d). Failure do to so "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

A case may be properly removed from state court if the district court could have exercised original jurisdiction. 28 U.S.C. § 1441(a) (2006). A district court has original jurisdiction if the parties are of diverse citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (2006).

**ANALYSIS**

Plaintiffs alleged in their emergency motion that removal was improper and that this court therefore has "no jurisdiction over the Motion to Dismiss." (Doc. 10). They did not, however, file a motion to remand or make any other argument explaining why jurisdiction is improper. In their original state court complaint, Plaintiffs stated that they are citizens of Arizona, that Countrywide, Recontrust, and Fidelity are California corporations, and that Federal National Mortgage Association ("FNMA") is a government-secured entity. (Doc. 1, Ex. A ¶¶ 1–6). They name numerous John Does, Black Corporations, and Black Partnerships, but have never identified such parties, served them, or argued that they are Arizona citizens and therefore eliminate complete diversity of citizenship. In it, they further stated that the foreclosure sale that they sought to have voided yielded $119,738.24, thereby asserting an amount in controversy in excess of $75,000. (Doc. 1, Ex. A ¶ 30).Removal was therefore proper and the Court has jurisdiction to rule on Defendants' motions.

Plaintiffs filed no response to Defendants' Motion to Dismiss. Although they filed a motion for an extension asking the Court to allow them to file their response fourteen days

after their purported remand motion was resolved, they in fact never filed a remand motion. They did not file a response to Defendants' July 25, 2011 motion asking the Court to summarily grant their original motion to dismiss based on Plaintiffs' lack of responsiveness. Plaintiffs have failed to adhere to the local rules, and "such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). It is therefore proper to dismiss this action with prejudice. *See Ghazali*, 46 F.3d at 53.

**CONCLUSION**

Plaintiffs have failed to file a response to a motion to dismiss filed over five months ago. This action is therefore dismissed with prejudice.

**IT IS THEREFORE ORDERED**:

1. Defendants' Motion to Dismiss (Doc. 6) is **granted**.

2. Defendants' Motion to Summarily Grant Defendants' Motion to Dismiss (Doc. 12) is **granted**.

3. The Clerk of Court is directed to **terminate this action**.

DATED this 16th day of November, 2011.

*G. Murray Snow*
United States District Judge